**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0794n.06

Case No. 12-6013

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Oct 21, 2014

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CHALO PONCE, | ) | TENNESSEE. |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, SUTTON and STRANCH, Circuit Judges.

PER CURIAM. Chalo Ponce challenges one of his two convictions and sentences for possessing a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c). Because Ponce knowingly and voluntarily waived his right to appeal his conviction and sentence, we dismiss the appeal.

In 2012, Chalo Ponce pled guilty to several drug-related offenses, including two counts of distributing cocaine. R. 97 ¶¶ 5(c), (e). Ponce also pled guilty to two counts of possessing a firearm in furtherance of a drug trafficking crime—one count for each cocaine offense. *Id.* ¶¶ 5(d), (f); *see* 18 U.S.C. § 924(c)(1)(a). Ponce's plea agreement stated that "the defendant agrees not to file a direct appeal of the defendant's conviction or sentence except the defendant

retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court." R. 97 ¶ 14.

Before accepting Ponce's plea, the district judge conducted a colloquy in which Ponce expressly agreed that he was waiving his right to appeal his convictions and sentences. R. 194 at 581–82. Ponce also agreed that his two counts of possessing a firearm in violation of 18 U.S.C. § 924(c) subjected him to two consecutive mandatory minimum sentences totaling thirty years. R. 194 at 579–80; *see* 18 U.S.C. § 924(c)(1)(C)(i). At sentencing, the court imposed the minimum sentences for both counts. R. 195 at 596–97. Ponce now appeals.

On appeal, Ponce claims that he should not have been convicted and sentenced for one of the two § 924(c) counts because the two underlying cocaine offenses were part of the same conspiracy. Appellant Br. at 9. This challenge, however, is "a direct appeal of the defendant's conviction [and] sentence," R. 97 ¶ 14, which Ponce waived the right to file.

Ponce argues we should disregard his waiver because he retained the right to appeal a sentence above "any applicable mandatory minimum," *id.*, and his sentence for *two* § 924(c) convictions exceeds the mandatory minimum for *one*. Appellant Reply Br. at 3. But to reach Ponce's conclusion, we would first need to hold that one of his two convictions was wrongly imposed—which is exactly what he promised the government not to ask us to do. R. 97 ¶ 14. We therefore may not set his plea waiver aside. *See United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012).

For these reasons, we dismiss the appeal.